ATTORNEY GENERAL LOVING HAS RECEIVED YOUR LETTER REQUESTING AN ATTORNEY GENERAL OPINION ADDRESSING, IN EFFECT, THE CONSTITUTIONALITY OF SECTION 2-10-802(B) OF THE OKLAHOMA SOLID WASTE MANAGEMENT ACT, 27A O.S. 2-10-101 (1993) ET SEQ. ("THE ACT").
YOUR QUESTION MAY BE ANSWERED BY REFERENCE TO CONTROLLING STATUTES AND CASE LAW. THEREFORE, THE ISSUANCE OF A FORMAL OPINION OF THE ATTORNEY GENERAL IS NOT NECESSARY. THE DISCUSSION WHICH FOLLOWS IS, THEREFORE, NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL; IT REPRESENTS, RATHER, THE ANALYSIS AND CONCLUSIONS OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL.
27A O.S. 2-10-802(B)1 OF THE ACT PROVIDES IN PERTINENT PART THAT:
 "B.1. THERE IS IMPOSED UPON EACH CUSTOMER OF A SOLID WASTE SERVICE OPERATED BY OR ON BEHALF OF A POLITICAL SUBDIVISION OR PUBLIC TRUST OF WHICH IT IS BENEFICIARY A USER FEE OF TWENTY FIVE CENTS ($.25) PER MONTH OR THREE DOLLARS ($3.00) PER YEAR. THE FEE SHALL BE IN ADDITION TO ANY PERIODIC CHARGES FOR SOLID WASTE SERVICES. THE USER FEE SHALL BE INCLUDED IN THE BILLING CYCLE, STATED SEPARATELY FROM ANY OTHER PERIODIC CHARGES, AND SHALL BE IDENTIFIED AS A FEE FOR PURPOSES OF ADMINISTERING THE OKLAHOMA SOLID WASTE MANAGEMENT ACT(.)"
YOUR LETTER ASKS WHETHER THE ABOVE QUOTED PROVISION IS UNCONSTITUTIONAL SPECIAL LEGISLATION BECAUSE THE FEE IS NOT APPLICABLE TO ALL USERS OF SOLID WASTE SERVICES.
THE GENERAL PRESUMPTION IS THAT A LAW IS CONSTITUTIONAL AND, UNTIL ITS UNCONSTITUTIONALITY IS JUDICIALLY ESTABLISHED, SUBORDINATE FUNCTIONARIES MUST TREAT IT AS SUCH. CARUTH V. STATE. 223 P.186 (OKLA.1924). SCOTT RICE V. OKLAHOMA TAX COMMISSION, 503 P.2D 208 (OKLA.1972).
THE OKLAHOMA CONSTITUTION ARTICLE V, SECTION 59 PROVIDES:
 "LAWS OF A GENERAL NATURE SHALL HAVE A UNIFORM OPERATION THROUGHOUT THE STATE, AND WHERE A GENERAL LAW CAN BE MADE APPLICABLE, NO SPECIAL LAW SHALL BE ENACTED."
SPECIAL LAWS, PROHIBITED BY ARTICLE V, SECTION 59 ARE THOSE LAWS WHICH APPLY TO LESS THAN A WHOLE CLASS OF PERSONS, ENTITIES OR THINGS STANDING UPON THE SAME FOOTING OR IN SUBSTANTIALLY THE SAME SITUATION OR CIRCUMSTANCES. BY DEFINITION, SPECIAL LAWS DO NOT HAVE UNIFORM OPERATION. MOORE V. STATE EX REL. COMMISSIONERS OF LAND OFFICE, 194 P.2D 852 (OKLA.1948). OKLAHOMA CITY V. GRIFFIN, 403 P.2D 463 (OKLA.1965).
IN DETERMINING WHETHER AN ENACTMENT IS A SPECIAL LAW AS DISTINGUISHED FROM A GENERAL LAW, THE OKLAHOMA SUPREME COURT STATED:
 "(I)N DECIDING THIS QUESTION WE MUST LOOK TO SEE IF THERE WAS PROPER AND LEGITIMATE CLASSIFICATION AND THAT SUCH CLASSIFICATION WAS NOT ARBITRARY OR CAPRICIOUS, BEARING A REASONABLE RELATIONSHIP TO THE OBJECT TO BE ACCOMPLISHED. SANCHEZ V. MELVIN, 418 P.2D 639, 641 (OKLA.1966)"
FOR A LAW TO BE GENERAL IN NATURE, IT MUST NOT APPLY EXCLUSIVELY TO ANY PARTICULAR LOCALITY, PERSON, OR THING AND IT MUST OPERATE EQUALLY UPON ALL SUBJECTS WITHIN THE CLASS FOR WHICH IT WAS ADOPTED. ELIAS V. CITY OF TULSA, 408 P.2D 517 (OKLA.1965).
THE PURPOSE OF THE ACT MAY BE FOUND AT 27A O.S. 2-10-102 (1993) WHICH PROVIDES:
 "IT IS THE PURPOSE OF THE OKLAHOMA SOLID WASTE MANAGEMENT ACT AND IT IS HEREBY DECLARED TO BE THE POLICY OF THIS STATE AND ITS POLITICAL SUBDIVISIONS TO REGULATE THE COLLECTION, TRANSPORTATION, PROCESSING AND DISPOSAL OF SOLID WASTE IN A MANNER THAT WILL:
1. PROTECT THE PUBLIC HEALTH, SAFETY AND WELFARE;
2. PROTECT THE ENVIRONMENT OF THE STATE;
3. CONSERVE VALUABLE LAND AND OTHER NATURAL RESOURCES;
4. ENHANCE THE BEAUTY AND QUALITY OF THE ENVIRONMENT;
5. ENCOURAGE RECYCLING OF SOLID WASTE."
THE ACT CLEARLY HAS AS ITS GOAL THE REGULATION OF DISPOSAL OF SOLID WASTE AND SECTION 27A O.S. 2-10-802 PROVIDES A STRUCTURE WHEREBY CUSTOMERS ARE MADE TO PAY, THROUGH USER FEES, THE COST OF THIS PROGRAM. THE PERCEIVED PROBLEM IS THAT ONLY CUSTOMERS OF POLITICAL SUBDIVISIONS AND THEIR TRUSTS PAY THE FEE. CUSTOMERS OF OTHER SOLID WASTE SERVICES DO NOT PAY THIS FEE.
CONSTITUTIONALITY IN A PARTICULAR SITUATION IS, OF COURSE, A QUESTION OF FACT WHICH CANNOT BE ANSWERED IN AN OPINION OF THIS OFFICE. 74 O.S. 18B(A)5. WHETHER A STATUTE IS A PROHIBITED SPECIAL LAW IS A QUESTION FOR DETERMINATION BY THE COURTS. STATUTES ARE PRESUMED VALID, AND COURTS WILL NOT STRIKE THEM DOWN AS UNCONSTITUTIONAL SPECIAL LAWS UNLESS THERE IS NO FACTUAL BASIS SUPPORTING THE CLASSIFICATION. IN OTHER WORDS, A COURT ATTEMPTS TO DETERMINE IF A GOOD REASON EXIST TO DIFFERENTIATE BETWEEN PARTIES.
A COURT REVIEWING 27A O.S. 2-10-802(B) TO MAKE THIS DETERMINATION WILL BE CALLED UPON TO EXAMINE MANY FACTORS WHICH IT CONSIDERS TO BE RELEVANT TO THE QUESTION. IN DOING SO, THE COURT WOULD, OF COURSE, WEIGH THE JUSTIFICATIONS OFFERED ON BEHALF OF THE LEGISLATURE IN FAVOR OF THE CLASSIFICATION. IN MY OPINION IT IS VERY DIFFICULT TO SUPPORT A CLASSIFICATION WHICH REQUIRES SOME CUSTOMERS TO PAY A FEE NOT REQUIRED OF OTHER CUSTOMERS.
27A O.S. 2-10-802(B) OF THE ACT IMPOSES AN ASSESSMENT ON SOME CUSTOMERS AND NOT OTHERS. IF THERE IS A REASONABLE BASIS FOR THIS CLASSIFICATION THEN THE STATUTE IS CONSTITUTIONAL. HOWEVER, IF IT IS CONCLUDED THAT THE STATUTE CONTAINS AN ARBITRARY CLASSIFICATION BEARING NO RATIONAL RELATIONSHIP TO THE OBJECTS TO BE ACCOMPLISHED, THEN THE SAME WOULD BE UNCONSTITUTIONAL SPECIAL LEGISLATION. WHETHER A COURT WOULD FIND THAT A RATIONAL BASIS EXISTS TO SUPPORT THE CLASSIFICATION IS IMPOSSIBLE TO DETERMINE. HOWEVER, I DO REITERATE THE GENERAL PRESUMPTION FAVORING THE CONSTITUTIONALITY OF STATUTES IN THE ABSENCE OF A CLEAR SHOWING TO THE CONTRARY.
(DOUGLAS F. PRICE)